Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 2456 | **DATE** | 5/22/2012 |
| **CASE TITLE** | Ronald Williams, EL vs. Evanston Police Dpartment, et al | | |

**DOCKET ENTRY TEXT**

In sum, we grant Williams-El leave to file *in forma pauperis* but dismiss the complaint because of the pleading deficiencies pursuant to 28 U.S.C. § 1915(e)(2)(B). We deny the motion for appointment of counsel at moot. It is so ordered.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

(Reserved for use by the Court)

## ORDER

Presently before us is Plaintiff Ronald Williams-El's application to proceed *in forma pauperis* in a lawsuit he seeks to bring against the Evanston police department, two Chicago police districts, and Connections, a non-profit organization based in Evanston that seeks to aid the homeless. Williams-El also filed a motion for appointment of counsel in this matter.

Before proceeding to analyze these petitions, we note that this is not Williams-El's first case before us; we dismissed a prior lawsuit, *Williams v. City of Chicago et. al*. No. 10 C 7733, last year. Indeed, based on our review of court files, it appears that Williams-El has filed no less than ten actions in this Court, and at least eight of them have been dismissed at the *in forma pauperis* stage for either frivolousness or failure to state a claim. (*See, e.g.*, Case No. 10 C 7733, 1/3/11 & 3/21/11 Min. Orders.) As set forth below, Williams-El fares no better today.

Before granting leave to file *in forma pauperis*, we must first evaluate a plaintiff's asserted indigence. We must also conduct an initial review of the complaint and dismiss the action if we find that: (1) it is frivolous or malicious; (2) it fails to state a claim on which relief may be granted; or (3) it seeks damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(I)-(iii). As to the second factor, failure to state a claim, we apply the test for dismissal under Rule 12(b)(6), which requires "that a complaint contain 'enough facts to state a claim that is plausible on its face.'" *Moore v. F.B.I*, No. 07-1294, 2008 WL 2521089, at *1 (7th Cir. June 25, 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007)); *see also George v. Smith,* 507 F.3d 605, 608 (7th Cir. 2007).

Williams-El submitted a financial affidavit in support of his allegation of poverty. Williams-El states that he is not currently employed and receives $680 in disability payments. (*See* IFP Applic. & Fin. Aff. ¶¶ 2, 4.) Williams-El has thus demonstrated his indigence, and we grant his motion for leave to file *in forma pauperis*. (*See* Health & Human Services 2012 Poverty Guidelines, setting the guideline at $11,170 for a single-person household.)

Based on our review of the complaint, however, we must dismiss this action. Although we construe Williams-El's *pro se* complaint liberally, *see, e.g.*, *Donald v. Cook County Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996),

## STATEMENT

Williams-El simply has not pled coherent facts for us to determine the basis for any relief or the potential remedies. As with his prior pleadings in the earlier matter assigned to us, the instant rambling complaint is virtually unintelligible and, ultimately, we cannot discern any cognizable claim against the defendants. Accordingly, we dismiss the complaint. *See also* 28 U.S.C. § 1915(e)(2)(B)(I) (requiring us to "dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous or malicious"); *Denton v. Hernandez*, 504 U.S. 25, 33, 112 S.Ct. 1728, 1733 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 1833 (1989).

In sum, we grant Williams-El leave to file *in forma pauperis* but dismiss the complaint because of the pleading deficiencies pursuant to 28 U.S.C. § 1915(e)(2)(B). We deny the motion for appointment of counsel at moot. It is so ordered.