# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 2456 | **DATE** | 11/6/2012 |
| **CASE TITLE** | Ronald Williams vs. Evanston Police Department | | |

**DOCKET ENTRY TEXT**

We conclude that the appeal is not taken in good faith and deny Williams-EL's motion (9) for leave to appeal in forma pauperis. It is so ordered

■[ For further details see text below.]

Docketing to mail notices.

**STATEMENT**

(Reserved for use by the Court)

ORDER

On August 29, 2012, Ronald Williams-EL filed a Notice of Appeal in Case No. 12 C 2456, seeking review of our May 22, 2012 order. In that order, (Dkt. No. 7), we granted Williams-EL *in forma pauperis* status but nonetheless dismissed his rambling complaint against the Evanston Police Department, Connections for the Homeless, and the Chicago Police Department, as frivolous. We held that Williams-EL failed to articulate claims against the defendants or otherwise plead coherent facts stating a plausible claim for relief. We further noted that Williams-EL has a history of filing such actions, including a prior case involving similar actors that we dismissed last year, *Williams v. City of Chicago, et al.*, No. 10 C 7733. Williams-EL's Notice of Appeal, (Dkt. No. 8), includes a six-page, single-spaced, disjointed narrative, reiterating his allegations and requesting investigation into his claims. On September 19, 2012, Williams-EL also submitted additional materials, seeking an extension of time, requesting assignment to another judge, and identifying concerns with procedures in the clerk's office. (Dkt. No. 14.) Presently before us is Williams-EL's application to proceed in forma pauperis on appeal.

We previously granted Williams-EL in forma pauperis status in the district-court action. (Dkt. No. 7.) As a result, Williams-EL is eligible "to proceed in forma pauperis without further authorization," unless we certify that he is no longer qualified or that his "appeal is not taken in good faith." Fed. R. App. P. 24(a)(3). In reviewing his application, we consider his financial affidavit, (Dkt. No. 9), which contains the same information as his prior April 3, 2012 application. Although Williams-EL completed the district court's financial affidavit form, rather than the Seventh Circuit's more detailed form, we elect not to hold this mistake against him. The information before us readily establishes that Williams-EL continues to qualify as indigent.

We conclude, however, that his "appeal is not taken in good faith." Fed. R. App. P. 24(a)(3)(A). Good faith "is not about the plaintiff's sincerity in requesting appellate review," but requires an appeal that "objectively

|  |
|---|

## STATEMENT

considered, raises non-frivolous colorable issues." *Snow v. Orange Crush Tactical Team*, No. 05 C 1118, 2007 WL 625575, at *1 (C.D. Ill. Feb. 23, 2007). As the Seventh Circuit explained in *Lee v. Clinton*, bad faith "means merely to sue on the basis of a frivolous claim, which is to say a claim that no reasonable person could suppose to have any merit." 209 F.3d 1025, 1026 (7th Cir. 2000); *see also Pate v. Stevens*, 163 F.3d 437, 439 (7th Cir. 1998). In evaluating Williams-EL's request, we consider his Notice of Appeal and September 19, 2012 supplemental filing, both of which set forth Williams-EL's position and theories. *See Celske v. Edwards*, 164 F.3d 396, 398 (7th Cir. 1999). Given these materials, we see no need to seek any further "statement of his grounds for appealing," as otherwise required by *Celske*. *Id.* Having reviewed all of Williams-EL's materials, we find that Williams-EL's appeal—like his complaint—is meritless and frivolous and does not deserve encouragement to proceed further. Accordingly, we conclude that the appeal is not taken in good faith and deny Williams-EL's motion for leave to appeal in forma pauperis. It is so ordered.